UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re                                                                                    Case No. 13-73326

HUNTINGTON TELECOM, LLC,                                      Chapter 7

                                  Debtor.
----------------------------------------------------------------X
ANTHONY R. CALASCIBETTA, as Chapter 7 Trustee
OF THE ESTATE OF HUNTINGTON TELECOM, LLC,

                                Plaintiff,                           Adv. Pro. No. 15-08210

                           v.
WESTERMAN BALL EDERER MILLER ZUCKER
& SHARFSTEIN LLP,

                                Defendant.
----------------------------------------------------------------X

## APPLICATION FOR AUTHORITY TO SETTLE AND COMPROMISE CLAIMS AGAINST WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP

The application (the "Application") of the Anthony R. Calascibetta, as Chapter 7 Trustee of the Estate of Huntington Telecom, LLC (the "Trustee"), by his attorneys, Ruskin Moscou Faltischek, P.C., to approve a settlement pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9019, respectfully sets forth as follows:

### PROCEDURE

1.      On June 21, 2013 (the "Petition Date"), an involuntary chapter 7 petition was filed with this Court for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") against the Debtor in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2.      On July 18, 2013, the Court entered the Order of Relief.

3.      By Order dated October 29, 2013, the Court appointed the Trustee.

629949

4.      On July 17, 2015, the Trustee commenced this adversary proceeding ("Adversary Proceeding") in this Court by filing the complaint dated July 16, 2015 ("Complaint"), against the defendant Westerman Ball Ederer Miller Zucker & Sharfstein LLP ("Westerman Ball" or "Defendant")seeking to avoid and recover certain transfers pursuant to §§ 544, 547, 548, 549, 550 and 551 of the Bankruptcy Code, and for disallowance of any claim filed by Defendant pursuant to § 502(d) and (j) of the Bankruptcy Code.

### RELIEF REDQUESTED

5.      This Application is made pursuant to FRBP 9019 for authority to settle and compromise the Trustee's claims against Defendant.

6.      The Trustee alleges that the Defendant currently is indebted to the Estate in the amount of $22,276, plus interest and costs (the "Obligations").

7.      The Trustee and Defendant wish to resolve all issues regarding the Obligations, without the time and expense involved with litigating such matters, on the terms of the attached Settlement Stipulation and Order (the "Stipulation").

8.      The salient terms of the Stipulation are as follows:

    a.      In full and final settlement of the Adversary Proceeding as against Defendant, Defendant shall deliver to the Trustee, for the benefit of the Estate, the sum of $5,000 (the "Settlement Sum").

    b.      Defendant shall be deemed to have waived entitlement to any distribution from the Estate on any and all claims, as defined in 11 U.S.C. § 101(5), against the Estate, including but not limited to distribution upon any claim filed by or on behalf of Defendant against the Estate, any unfiled claim, and any claim available to the Defendant under 11 U.S.C. § 502(h), whether arising prior to or after the

Filing Date.

9. The Stipulation is in the estate's best interest as it will result in a payment of $5,000 to the estate. This settlement is made subsequent to commencement of the Adversary Proceeding, but prior to substantial discovery or motion practice. Further, the Defendant provided documentation and additional information in support of its potential defenses, including that some or all of the alleged preferential transfers were made in advance of the provision of legal services by the Defendant. In light of the risks and costs of litigating the matter, the Trustee respectfully submits that he has exercised his business judgment and determined that it is in the best interest of the estate to compromise its claim so that it may eliminate the risk and cost of litigation.

10. FRBP 9019, which governs the approval of compromises and settlements, provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FRBP 9019(a).

11. In determining whether to approve a settlement, the Court should consider whether the proposed compromise is in the "best interest of the estate." *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499 505 (Bankr. S.D.N.Y. 1991); *Depo v. Chase Lincoln First Bank, N.A.*, 77 B.R. 381, 393 (N.D.N.Y. 1987); *aff'd, Depo v. Lincoln Bank*, 863 F.2d 45 (2d Cir. 1988); *In re Heissinger Resources Ltd.*, 67 B.R. 378 (C.D. Ill. 1986); *In re Central Ice Cream Co.*, 59 B.R. 476 (Bankr. N.D. Ill. 1985), *appeal dismissed*, 62 B.R. 357 (N.D. Ill. 1986); *In re Hallet*, 33 B.R. 564 (Bankr. D. Me. 1985). The Court must bear in mind that "the law favors compromise." *In re Blair*, 538

F.2d 849, 851 (9th Cir. 1976); *Heissinger*, 67 B.R. at 383; *In re Sherman Homes, Inc.*, 28 B.R. 176, 177 (Bankr. D. Me. 1983). The procedure the Court should allow in determining whether to approve a settlement is set forth in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968).

12. In passing upon a proposed settlement, the bankruptcy court does not substitute its judgment for that of the trustee. *In re Infotechnology, Inc.*, 89 F.3d 825 (2d Cir. 1995); *Depo, supra*, 77 B.R. 381, 284; *In re Carla Leather*, Inc., 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985). "The Court may give weight to the Trustee's informed judgment that a compromise is fair and equitable." *In re International Distribution Centers, Inc.*, 103 B.R. 420, 423 (S.D.N.Y. 1989). The Court should canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness. *In re Liu*, 166 F.3d 1200 (2d Cir. 1988); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied, Cosoff v. Rodman*, 464 U.S. 822 (1983); *Nellis v. Shugrue*, 165 B.R. 115, 121-122 (S.D.N.Y 1994); *In re Drexel Burnham Lambert Group, Inc.*, 130 B.R. 910, 927 (S.D.N.Y.) 1991); *In re Int'l Distribution Center*, 103 B.R. 420, 423 (S.D.N.Y.); *Carla Leather, supra*, 44 B.R. at 465.

13. In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the trustee, the parties and their counsel . . . ." *Blair*, 538 F.2d at 851; *Int'l Distribution Center*, 103 B.R. at 423; *Heissinger*, 67 B.R. at 383. Ultimately, "[t]he process of approval is committed to the court's sound discretion to be executed with the best interests of the estate and creditors in mind." *In re Neuman*, 103 B.R. 491, 500 (Bankr. S.D.N.Y. 1989), *rev'd on other grounds*, 124 B.R. 155 (S.D.N.Y. 1991).

14. Based upon the foregoing, the Trustee respectfully submits that the Court should approve the Stipulation as it is well within the range of reasonableness and represents a fair and

equitable compromise of the parties' disputes, the approval of which is in the best interests of the Estate.

### WAIVER OF EDNY LBR 9013-1

15. By virtue of the nature of the relief requested and the authorities cited herein, the Trustee submits that he has complied with the requirements of Local Bankruptcy Rule 9013-1(a).

### CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court approve the Stipulation and grant the Trustee such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
       December 30, 2015

                                            RUSKIN MOSCOU FALTISCHEK, P.C.
                                            Attorneys for Anthony R. Calascibetta,
                                            as Chapter 7 Trustee of the Estate of
                                            Huntington Telecom

By: _____
                                            Michael S. Amato
                                            1425 RXR Plaza
                                            East Tower, 15th Floor
                                            Uniondale, NY 11556-1425
                                            (516) 663-6600